UNITED STATES DISTRICT COURT                    PRIORITY SEND
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.    **CV 10-8123-JFW (RZx)**                                                    Date:  May 9, 2011

Title:     Ebony Latrice Batts, et al. -v- William Adams, Jr., et al.

**PRESENT:**

HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**           **ATTORNEYS PRESENT FOR DEFENDANTS:**
None                                             None

**PROCEEDINGS (IN CHAMBERS):**     ORDER DENYING MOTION OF DEFENDANTS STACY FERGUSON P/K/A FERGIE, HEADPHONE JUNKIE PUBLISHING, LLC AND EMI APRIL MUSIC, INC. TO BIFURCATE THE ISSUES OF LIABILITY AND DAMAGES FOR DISCOVERY AND TRIAL [filed 4/18/11; Docket No. 110]

On April 18, 2011, Defendants Stacy Ferguson p/k/a Fergie, Headphone Junkie Publishing, LLC and EMI April Music, Inc. (collectively, "Ferguson Defendants") filed a Motion to Bifurcate the Issues of Liability and Damages for Discovery and Trial ("Motion").  On April 20, 2011, Defendants William Adams, Allan Pineda, and Jaime Gomez, all individually and collectively as the music group The Black Eyed Peas; Jaime Munson a/k/a Poet Name Life; will.i.am music, llc; Tab Magnetic Publishing; Cherry River Music Co.; Jeepney Music, Inc. (collectively, "Adams Defendants") filed a Joinder in the Ferguson Defendants' Motion.  On April 25, 2011, Ebony Latrice Batts a/k/a Phoenix Phenom and Manfred Mohr (collectively, "Plaintiffs") filed their Opposition.  On May 2, 2011, the Ferguson Defendants filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for May 16, 2011 is hereby vacated and the matter taken off calendar.  After considering the moving, opposing, and reply papers and the arguments therein, the Court rules as follows:

The Court has the authority to bifurcate proceedings under Federal Rule of Civil Procedure 42(b).  Rule 42(b) states:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, or third-

      party claims.  When ordering a separate trial, the court must preserve any federal
      right to a jury trial.

Fed. R. Civ. P. 42(b).  "The determination of whether to conduct separate trials is a matter committed to the discretion of the trial court."  *Climax Molybdenu Company v. Molychem, L.L.C.,* 414 F.Supp. 2d 1007, 1013 (D. Col. 2005) (denying motion to bifurcate in case involving patent and antitrust claims); *see, also, De Anda v. City of Long Beach*, 7 F. 3d 1418, 1421 (9th Cir. 1993) (noting that "[a] district court's decision to order separate trials may be set aside only for abuse of discretion").

      In their Motion, the Ferguson Defendants seek an order bifurcating the issues of liability and damages for discovery and trial.  However, the Court concludes that a single trial would "promote the objectives of efficiency and fairness" and be the best use of judicial resources.  *Climax*, 414 F.Supp. 2d at 1014.

      In addition, granting the Ferguson Defendants the relief they seek would require the Court to modify the dates and deadlines currently established in the February 3, 2011 Scheduling and Case Management Order.  In this case, the Ferguson Defendants have failed to make the requisite showing of good cause under Rule 16.  *See, e.g., Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."); *see also Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996) (holding that "the focus of the Rule 16 'good cause' inquiry is on the moving party's diligence, or lack thereof, in seeking amendment").

      For all the foregoing reasons, the Ferguson Defendants' Motion is **DENIED**.

      IT IS SO ORDERED.